IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**ASCENCION SANTIAGO CHAVEZ, JR.,**

    Movant/Defendant,

vs.                                                            **CIVIL NO. 06-822 JP/DJS**
                                                                        Criminal No. 98-175 JP

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.


### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated in the Federal Correctional Institution in Big Springs, Texas, as a result of his conviction for possession with intent to distribute more than 50 kilograms of marijuana, contrary to 21 U.S.C. §841(a)(1), (b)(1)( C) and aiding and abetting contrary to 18 U.S.C. §2. Following his conviction pursuant to a guilty plea, Movant was sentenced to sixty months imprisonment. The judgment imposing that sentence was entered on November 23, 2005. Movant did not file a direct appeal, which is not surprising given the fact that his plea agreement included

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

a waiver of his right to appeal any sentence within the statutory maximum. In addition, Movant waived his right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. §2255 on any ground except ineffective assistance of counsel.

2. Despite the explicit waivers contained in the plea agreement, in the instant motion Movant asserts that his sentence is illegal because the charges against him were never presented to the grand jury and generally alleges that his conviction violated his right to be free from double jeopardy. In addition, Movant asserts that he was denied effective assistance of counsel by his attorney's failure to investigate and prepare a defense. Movant assert that he told his attorney that the statute of limitations had expired on the charges against him and that those charges constituted double jeopardy, as he had already received a six-month sentence on the charges in Carlsbad, New Mexico. He also asserts that his attorney led him to believe that he would receive a forty-one month sentence once he pleaded guilty.

3. To the extent that Movant seeks to raise double jeopardy or the failure to present his case to a grand jury[2], he waived those claims by the explicit terms of the plea agreement. An appellate waiver contained in a plea agreement can be overcome if the plea was involuntary; for example, if ineffective assistance of counsel in connection with the negotiation renders the waiver invalid. United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir.2004) (*en banc*) (*per curiam*). Consequently, the Court must determine whether Movant was provided ineffective assistance of counsel.

4. . Movants' ineffective of assistance of counsel claims must be evaluated in the light of the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires them to show that their counsels' representation fell below an objective standard of reasonableness and

---

[2]The Court notes that the criminal case United States v. Ascension Santiago Chavez, Jr. 98-Cr-175 JP was initiated by an indictment on March 18, 1998 so this claim appears to be factually mistaken.

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. A claim of ineffective counsel "may be resolved on either performance or prejudice grounds alone." United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir. 2000) (citations omitted). There is a strong presumption that counsel provided effective assistance, and a §2255 movant has the burden of proof to overcome that presumption. Id. In the context of a guilty plea, in order to establish prejudice Movants must show that "[they] would not have pleaded guilty and would have insisted on going to trial." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir.2001). Although they do not have to show that they would have prevailed at trial, their prospects of succeeding inform the Court's view of whether they would have gone to trial. United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir.2002).

     5. Movant's assertion that he was promised a forty-one month sentence by his attorney does not show ineffective assistance of counsel. In the Amended Plea Agreement signed by Movant the parties noted that he understood that the maximum penalty the Court could impose was imprisonment for not more than twenty years and that the United States made no agreement that a specific sentence was appropriate. United States v. Asuncion Santiago Chavez, Jr., CR. No. 98-175 BB, Docket No. 51 filed August 10, 2005, p. 2. The parties engaged in stipulations, not binding on the Court, that Movant was responsible for approximately 900 kilograms of marijuana, that he played neither an aggravating or mitigating role in the offense, that he had demonstrated an affirmative acceptance of personal responsibility for his criminal conduct and would be entitled to a reduction of two levels under the sentencing guidelines, and that the government agreed to move for a one level additional reduction under the guidelines provided Movant met the requirements of U.S.S.G. §3E1.1(b). A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. United

States v. Broce, 488 U.S. 563, 569 (1989). Federal courts have dismissed criminal defendants' challenges to the knowing and voluntary nature of their pleas or plea waivers, where the challenges are predicated on their defense counsel's purported pre-plea sentencing promises, when their plea paperwork and colloquies clearly belied their challenges. See United States v. Aparicio, 214 Fed.Appx. 866, 868 (10th Cir.2007)(unpublished disposition); United States v. Bridges, 68 Fed.Appx. 896, 900 (10th Cir.2003)(unpublished disposition); United States v. Cortez, 31 Fed.Appx. 611, 617-18 (10th Cir.2002)(unpublished disposition). Here, Movant's challenge to the voluntariness of his plea based upon the alleged promise of his attorney is belied by the minutes of the plea hearing and the plea agreement and he cannot show that his guilty plea was involuntary upon that ground.

     6. Movant's other grounds upon which he asserts ineffective assistance of counsel are likewise unavailing. Movant contends that his attorney did not investigate the case against him. However, Movant's account of the events in his §2255 motion do not coincide with the record. Movant contends that he was sentenced to six months imprisonment in state court and tried to serve that sentence. The record in this Court reflects that Movant initially pleaded guilty in this action on June 10, 1998 and was released on conditions pending sentencing. However, an arrest warrant was issued for Movant, his appearance bond was forfeited after a hearing, and he did not appear before the Court until after his arrest on March 9, 2005 in Merced, California. In addition, Movant fails to mention that the charges against him in another criminal case in the District of New Mexico, CR 99-563 BB, in which he was charged with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, were dismissed as part of this plea agreement. Contrary to Movant's assertion that he was sentenced in state court for the crimes underlying this conviction, Respondent asserts that a *nolle prosequi* was filed in the New Mexico court once a Federal indictment was

returned. Regardless, Movant has not asserted any facts tending toward his defense or any defense that might have been developed through further investigation. His general claim that his attorney's failure to investigate resulted in ineffective assistance cannot obtain him relief. See Hatch v. Oklahoma, 58 F.3d 1447, 1457-581 (10th Cir.1995), overruled on other grounds Daniels v. United States, 254 F.3d 1180, 1188 n. 1 (10th Cir.2001).

7. As noted, Movant's assertion of double jeopardy appears unsupported and his claim that the charges against him were not presented to a grand jury is mistaken. Conclusory statements made by a defendant are, "absent any other evidence, insufficient to show that his plea was involuntary." United States v. Kramer, 168 F.3d 1196, 1200 (10th Cir.1999). Under these circumstance and given the substantial benefit he accrued as a result of his guilty plea, Movant has not shown that his plea was unknowing or involuntary. Further, he has not demonstrated that his attorney's performance fell below an objective standard of reasonableness.

**RECOMMENDED DISPOSITION:**

That the §2255 motion be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**